[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14225

Non-Argument Calendar

_____

TAMARA OGIER,

as trustee for the bankruptcy estate of

Brittany Dakota Bosley,

Case No. 20-70664-SMS

BRITTANY DAKOTA BOSLEY,

                              Plaintiffs-Appellants-Cross Appellees,

_versus_

INTERNATIONAL FOLLIES, INC.,

d.b.a. Cheetah,

                              Defendant-Appellee-Cross Appellant.

_____

Appeals from the United States District Court

for the Northern District of Georgia

D.C. Docket No. 1:21-cv-02421-VMC

_____

2                    Opinion of the Court                    23-14225

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

One question in this Fair Labor Standards Act appeal is the proper interpretation of 29 U.S.C. § 203(m)(2)(B).[1] The district court, understandably, resolved that question by relying on then-existing precedent, including *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). On appeal, the parties sparred over whether the district court properly applied *Chevron*. After briefing concluded, we asked the parties to address the effect of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which overturned *Chevron*.

In their supplemental briefing, the parties disagree on the specifics, but all appear to recognize that *Loper Bright* requires a different analysis than the district court performed. The parties' supplemental briefing supports vacating and remanding this case so that the district court has an opportunity to address, in the first instance, the impact of *Loper Bright* on its interpretation of the relevant statute and the effect that interpretation has on the parties'

---

[1] The appellees cross appeal the denial of their motion for sanctions. The district court denied that motion as untimely and as lacking merit. We **AFFIRM.** The appellants did not advocate a frivolous position by urging the district court to adopt a position different from other district court opinions. *See Fox v. Acadia St. Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this circuit is bound by this court's decisions.").

23-14225                    Opinion of the Court                    3

arguments.[2]  We, therefore, vacate the judgment and remand for further proceedings consistent with *Loper Bright*.  *See Powell v. School Bd. of Volusia Cnty.*, 86 F.4th 881, 883 (11th Cir. 2023) (remanding in light of intervening Supreme Court authority); *United States v. Republic of Honduras*, 75 F.4th 1288, 1289 (11th Cir. 2023) (*en banc*) (same); *see also Utah v. Su*, 109 F.4th 313 (5th Cir. 2024) (vacating and remanding in light of *Loper Bright*).  We express no position on *Loper Bright*'s effect here and, instead, leave that question for the district court to address in the first instance.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below.").

**VACATED AND REMANDED.**[3]

---

[2] We appreciate the parties' thoughtful supplemental briefs, as well as the filings submitted by the Acting Secretary of Labor as *amicus curiae*.  We are confident that these filings will assist the district court in reconsidering its prior rulings, if necessary, and addressing the effect of *Loper Bright* in the first instance.

[3] We **DENY AS MOOT** the Appellants/Cross-Appellees motion to strike.